622 S.E.2d 538

**In the Matter of Darren S. HALEY, Respondent.**

No. 26064.

Supreme Court of South Carolina.

Submitted Oct. 10, 2005.

Decided Nov. 14, 2005.

Henry B. Richardson, Jr., Disciplinary Counsel, and Assistant Deputy Attorney General J. Emory Smith, Jr., both of Columbia, for the Office of Disciplinary Counsel.

Darren S. Haley, of Greenville, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to a public reprimand or a definite suspension not to exceed thirty (30) days. *See* Rule 7(b), RLDE, Rule 413, SCACR. We accept the

Agreement and definitely suspend respondent from the practice of law in this state for a thirty (30) day period. The facts, as set forth in the Agreement, are as follows.

## *FACTS*

### *Matter I*

Respondent admits he was not as diligent as he should have been in handling a domestic case. He failed to adequately communicate with his client.

### *Matter II*

Respondent admits he was not diligent in notifying his client of the hearing dates. In addition, he did not meet with his client to prepare her for a hearing. He admits he failed to respond in a timely manner to ODC's request for additional information.

### *Matter III*

Respondent failed to perfect service of a summons and complaint and later failed to file an amended complaint in a timely manner. Both actions were dismissed. Respondent failed to respond to ODC's initial inquiry and did not respond in a timely manner to ODC's second letter of inquiry. Respondent agrees to repay this client's attorney's fees in the amount of $750.00 within one year of the date he signed the Agreement.[1]

### *Matter IV*

Respondent failed to diligently pursue his client's domestic action. He failed to adequately communicate with his client.

### *Matter V*

Respondent failed to respond to a motion for summary judgment and failed to appear at the summary judgment hearing. Summary judgment was granted to the opposing party.

---

1. Respondent signed the Agreement on June 30, 2005.

Respondent maintains he had expected his client to either obtain other counsel or contact him if she wanted him to respond to the summary judgment motion, however, he failed to obtain his client's written consent or the approval of the court to withdraw from representation. In addition, on an earlier occasion, respondent failed to communicate with the client.

### Matter VI

Respondent failed to diligently defend a civil forfeiture action against his client. As a result, the answer was late and a default judgment was entered. Respondent failed to adequately communicate with his client and failed to return the $3,000.00 retainer fee he did not earn. Respondent also delayed in responding to inquiries from ODC.

Respondent agrees to repay the $3,000.00 fee to his client within one year of the date he signed the Agreement.

### Matter VII

Respondent signed his client's name to a bond assignment form without authorization. The form provided that $7,500.00 of the posted bond money was to be assigned to respondent's firm for its fee. Although he did not have the authority to sign the form, the amount of the fee was not in dispute. Respondent was not prosecuted.

### Matter VIII

Respondent failed to diligently handle a case and to adequately communicate with his client. Respondent failed to safely maintain the client's file and the file was lost. Respondent agrees to return the client's retainer fee of $1,200.00 within one year of signing the Agreement.

### Matter IX

In this matter, respondent failed to serve and file a notice of appeal from a client's conviction. He failed to continue to represent the client until relieved by the court.

Respondent further admits he unsuccessfully tried to establish personal relationships with a female client and with a

woman who hired him to represent a third person. Respondent now recognizes such relationships are to be avoided because they often lead to a conflict of interest.

## *LAW*

Respondent admits that by his misconduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.4(a) (lawyer shall keep a client reasonably informed concerning the status of a matter and promptly comply with reasonable requests for information); Rule 1.7 (lawyer shall not represent a client if the representation of that client will be materially limited by the lawyer's own interests); Rule 1.15 (lawyer shall promptly deliver funds and property to a client; lawyer shall promptly deliver an accounting about client property); Rule 1.16 (upon termination of representation, lawyer shall take steps to extent reasonably practicable to protect the client's interests); Rule 8.4(a) (lawyer shall not violate Rules of Professional Conduct); Rule 8.4(d) (lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (lawyer shall not engage in conduct that is prejudicial to administration of justice).[2] Respondent further admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (lawyer shall not violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers) and Rule 7(a)(5) (lawyer shall not engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law).

## *CONCLUSION*

We accept the Agreement and definitely suspend respondent from the practice of law for a thirty (30) day period. Furthermore, as part of the Court's sanction, we adopt re-

---

2. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

spondent's agreement to repay his clients in the amounts stated herein within one year from the date respondent signed the Agreement. *See* Footnote 1. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.