# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Darren S. Haley, Respondent.

Appellate Case No. 2021-000059

Opinion No. 28048
Submitted July 21, 2021 – Filed August 11, 2021

## PUBLIC REPRIMAND

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

Darren S. Haley, of Greenville, Pro Se.

**PER CURIAM:**   By order of the Grievance Committee of the North Carolina State Bar dated May 14, 2019, Respondent was reprimanded for violating the North Carolina Rules of Professional Conduct.[1]  The order was forwarded to this Court by the Office of Disciplinary Counsel (ODC) on January 19, 2021. Thereafter, pursuant to Rule 29(b), RLDE, ODC and Respondent were notified by letter of the Clerk of this Court that they had thirty days to inform the Court of any

[1] The order states that in 2017, Respondent submitted a motion in Mecklenburg County Superior Court seeking to be admitted *pro hac vice* in North Carolina to represent a client in a criminal matter.  In the motion, Respondent failed to reveal that in 2005, this Court suspended him from the practice of law for thirty days and that in 2006, reciprocal discipline was imposed in Virginia, where he is also licensed to practice law. *See In re Haley*, 366 S.C. 363, 622 S.E.2d 538 (2005) (publicly reprimanding Respondent for a lack of diligence and communication and failing to consult with his client).  The order concluded Respondent violated Rules 3.3(a) (false statement of fact to a tribunal); 8.4(c) (conduct involving dishonesty); and 8.4(d) (conduct prejudicial to the administration of justice) of the North Carolina Rules of Professional Conduct.  Respondent was reprimanded for the violations.

claim that imposition of the identical discipline in South Carolina is not warranted. Respondent did not respond to the Clerk's letter.

We find a public reprimand is the appropriate sanction to impose as reciprocal discipline, as none of the reasons set forth in Rule 29(d), RLDE exist to justify different discipline in this matter.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**