# The Supreme Court of South Carolina

In the Matter of Darren S. Haley, Respondent.

Appellate Case No. 2021-000059

_____

## ORDER

_____

By opinion dated August 11, 2021, this Court publicly reprimanded Respondent as reciprocal discipline following his public reprimand in North Carolina. *In re Haley*, Op. No. 28048 (S.C. Sup. Ct. filed Aug. 11, 2021) (Howard Adv. Sh. No. 27 at 19). Respondent thereafter filed a petition for rehearing. After careful consideration of Respondent's petition, we grant the petition for rehearing, dispense with further briefing, and substitute the attached opinion for the opinion previously filed in this matter.

s/ Donald W. Beatty                        C.J.

s/ John W. Kittredge                        J.

s/ Kaye G. Hearn                            J.

s/ John Cannon Few                         J.

s/ George C. James, Jr.                     J.

Columbia, South Carolina
November 10, 2021

In the Matter of Darren S. Haley, Respondent.

Appellate Case No. 2021-000059

Opinion No. 28048
Submitted July 21, 2021 – Filed August 11, 2021
Withdrawn, Substituted, and Refiled November 10, 2021

**PUBLIC REPRIMAND**

Disciplinary Counsel John S. Nichols and Deputy
Disciplinary Counsel Carey Taylor Markel, both of
Columbia, for the Office of Disciplinary Counsel.

Darren S. Haley, of Greenville, Pro Se.

**PER CURIAM:**   By order of the Grievance Committee of the North Carolina
State Bar dated May 14, 2019, Respondent was reprimanded for violating the
North Carolina Rules of Professional Conduct.[1]   The order was forwarded to this

---

[1] The order states that in 2017, Respondent submitted a motion in Mecklenburg
County Superior Court seeking to be admitted *pro hac vice* in North Carolina to
represent a client in a criminal matter.   In the motion, Respondent failed to reveal
that in 2005, this Court suspended him from the practice of law for thirty days and
that in 2006, reciprocal discipline was imposed in Virginia, where he is also
licensed to practice law.   *See In re Haley*, 366 S.C. 363, 622 S.E.2d 538 (2005)

Court by the Office of Disciplinary Counsel (ODC) on January 19, 2021. Thereafter, pursuant to Rule 29(b), RLDE, ODC and Respondent were notified by letter of the Clerk of this Court that they had thirty days to inform the Court of any claim that imposition of the identical discipline in South Carolina is not warranted. On February 18, 2021, Respondent submitted a response arguing a private reprimand was the appropriate sanction given his lack of "intent to defraud."

We find a public reprimand is the appropriate sanction to impose as reciprocal discipline, as none of the reasons set forth in Rule 29(d), RLDE, exist to justify different discipline in this matter.

**PUBLIC REPRIMAND.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

(publicly reprimanding Respondent for a lack of diligence and communication and failing to consult with his client). The order concluded Respondent violated Rules 3.3(a) (false statement of fact to a tribunal); 8.4(c) (conduct involving dishonesty); and 8.4(d) (conduct prejudicial to the administration of justice) of the North Carolina Rules of Professional Conduct. Respondent was reprimanded for the violations.