# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Darren S. Haley, Respondent.

Appellate Case No. 2022-001523

---

Opinion No. 28181
Heard June 5, 2023 – Filed October 4, 2023

---

## DEFINITE SUSPENSION

---

Deputy Disciplinary Counsel Ericka McCants Williams
and Assistant Disciplinary Counsel Jeffrey Ian
Silverberg, both of Columbia, for the Office of
Disciplinary Counsel.

Darren S. Haley, of Greenville, Pro Se.

---

**CHIEF JUSTICE BEATTY:** By opinion dated August 11, 2022, the Virginia
Supreme Court affirmed a decision by the Virginia State Bar Disciplinary Board
imposing an eighteen-month definite suspension as a sanction for Respondent's
professional misconduct in Virginia. *Haley v. Virginia State Bar*, 876 S.E.2d 165
(2022). The Office of Disciplinary Counsel (ODC) received notice of this
discipline from Respondent on September 20, 2022. ODC filed Notice of
Discipline with this Court on October 27, 2022. Following a hearing on June 5,
2023, we find none of the reasons set forth in Rule 29(d), RLDE, exist to justify
different discipline in this matter. Accordingly, we find that a definite suspension
of eighteen months, which shall be imposed retroactively to September 20, 2022, is
the appropriate sanction as reciprocal discipline.

## I.

Respondent was admitted to practice law in Virginia in 1996 and in South Carolina in 1997.[1]  Respondent has a disciplinary history in both jurisdictions, and North Carolina, where he is not admitted to practice law.  In November 2005, this Court suspended Respondent from the practice of law for thirty days for practice-related misconduct, including failing to return unearned fees, signing a client's name to a bond assignment form without authorization,[2] failing to pursue several client matters, losing a client file, unsuccessfully attempting to establish personal relationships with female clients, and failing to respond to ODC inquiries.  *In re Haley*, 366 S.C. 363, 622 S.E.2d 538 (2005).[3]  The Virginia State Bar Disciplinary Board imposed reciprocal discipline.  In 2009, Respondent was privately reprimanded by the Virginia State Bar after it received notice that Respondent's trust account contained insufficient funds to honor five checks.

In 2017, Respondent submitted a pro hac vice application for admission in North Carolina in which he failed to disclose the 2005 discipline he received in South

---

[1] On March 3, 2023, and April 27, 2023, Respondent was placed on administrative suspension in South Carolina for failing to pay his annual license fees and failing to comply with annual continuing legal education requirements, respectively.  *In re Admin. Suspensions for Failure to Pay License Fees*, S.C. Sup. Ct. Order dated Mar. 3, 2023; *In re Admin. Suspensions for Failure to Comply with Continuing Legal Educ. Requirements*, S.C. Sup. Ct. Order dated Apr. 27, 2023.

[2] Specifically, the bond authorization form Respondent signed without the client's permission provided that the $7,500 of posted bond money was to be assigned to Respondent's firm for its fee.  Although Respondent lacked authority to sign the form, the amount of the fee was not in dispute.  Respondent was not criminally prosecuted for this misconduct.

[3] Specifically, the Court found Respondent committed misconduct in violation of the following Rules of Professional Conduct: Rule 1.3 (diligence and promptness); Rule 1.4 (communication); Rule 1.7 (conflict of interest); Rule 1.15 (safekeeping property; prompt delivery of funds, property, and accounting to client); Rule 1.16 (protecting client's interest upon termination of representation); Rule 8.4(a) (violating RPC); Rule 8.4(d) (conduct involving dishonesty); Rule 8.4(e) (conduct prejudicial to the administration of justice).

Carolina and Virginia. During the pendency of North Carolina's disciplinary investigation, Respondent again failed to disclose his disciplinary history on a pro hac vice motion he filed in a federal court in New York. On May 14, 2019, the Grievance Committee of the North Carolina State Bar reprimanded Respondent for his misconduct in failing to disclose his disciplinary history. This Court subsequently imposed identical reciprocal discipline. *In re Haley*, 434 S.C. 378, 865 S.E.2d 379 (2021). Respondent did not notify the Virginia State Bar of the discipline imposed by North Carolina, despite being required to do so by Rule 8.3(e)(1) of the Virginia Rules of Professional Conduct.

In December 2019, Respondent overdrew his trust account in Virginia.[4] The NSF notice triggered a disciplinary investigation which revealed that Respondent had engaged in a pervasive pattern of financial misconduct, including regularly depositing unearned fees into his operating account (the vast majority of which were never transferred to the trust account), using his trust account to pay for personal and business expenses (credit card payments and employee wages), and overdrawing his trust account at least twice and his law firm operating account fifty-three times between January 1, 2018, and April 20, 2020. Respondent also failed to keep proper trust account records (receipts journal or client ledgers) and failed to conduct required reconciliations of his trust account. During the investigation, Respondent also made and failed to correct misleading statements about whether certain fees were paid by a client who lived in Virginia or South Carolina.[5] Investigators also discovered that Respondent failed to report the 2019 North Carolina reprimand to the Virginia State Bar. Following a hearing, the

---

[4] The check returned for insufficient funds was in the amount of $864 payable to Respondent's employee for her wages.

[5] Specifically, on May 28, 2019, a Virginia client named Michael Campbell paid Respondent an advance fee of $3,500, which Respondent deposited into his operating account. Unlike in South Carolina (Rule 1.5(f), RPC), Virginia does not permit non-refundable legal fees under any circumstances. During the course of the disciplinary investigation, Respondent told investigators he believed Michael Campbell was a South Carolina client, not a Virginia client, ostensibly in an attempt to skirt repercussions for impermissibly depositing an unearned fee into his operating account. The Virginia State Bar concluded Respondent intentionally lied about Mr. Campbell's state of residence in an attempt to minimize his misconduct. *Haley*, 876 S.E.2d at 169.

Virginia State Bar Disciplinary Board found Respondent violated numerous rules of professional conduct and imposed an eighteen-month definite suspension.

All findings of misconduct and the eighteen-month suspension were subsequently affirmed by the Virginia Supreme Court. *Haley*, 876 S.E.2d 165. In affirming the eighteen-month sanction, the Virginia Supreme Court noted Respondents "long pattern of dishonest conduct in multiple jurisdictions" and observed Respondent has "previously been disciplined for similar forms of misconduct." *Id*. at 173 (adding that Respondent was privately reprimanded in Virginia in 2009 after five checks drawn on Respondent's trust account were returned for insufficient funds).

## II.

Upon notice that another jurisdiction has disciplined a lawyer admitted to practice in South Carolina, Rule 29(b), RLDE, provides the lawyer and ODC have thirty days to submit any claims as to why the imposition of identical discipline in this state would be unwarranted and the reasons for that claim. Rule 29(d), RLDE, provides that upon the expiration of that thirty-day period, this Court "*shall impose* the identical discipline" unless certain conditions exist, including that "the misconduct established warrants substantially different discipline in this state." Rule 29(d)(4), RLDE (emphasis added).

ODC received notice of this discipline from Respondent on September 20, 2022. On October 27, 2022, ODC notified this Court that Respondent had received an eighteen-month definite suspension in Virginia. The following day, the Clerk's office issued a notice to ODC and Respondent allowing thirty days for the parties to file any objections to the imposition of identical discipline. Respondent filed an objection arguing identical discipline is unwarranted because this Court has already imposed reciprocal discipline for the nondisclosures on his North Carolina pro hac vice application, which he claims formed the basis of "a significant part of the [eighteen-month] suspension." Respondent argued that because the North Carolina misconduct has already been adjudicated in South Carolina, a six-month suspension is an appropriate sanction.

In return, ODC correctly noted that while this Court has already sanctioned Respondent for the underlying misconduct in North Carolina, the most recent sanction in Virginia included not only that underlying misconduct but also Respondent's dishonest conduct in failing to report the North Carolina discipline to the Virginia State Bar as he was required to do. ODC also highlighted the portion of the Virginia Supreme Court opinion emphasizing Respondent's "pattern of

dishonest conduct in multiple jurisdictions," along with his history of financial misconduct in both Virginia and South Carolina, and Respondent's "extremely deficient" trust accounting practices, which Respondent admitted violated Rules 1.5 and 1.15 of the Rules of Professional Conduct. *Haley*, 876 S.E.2d at 173. For these reasons, ODC argues this Court should impose identical discipline in South Carolina.

At the hearing before this Court on June 5, 2023, Respondent abandoned his claim that a suspension of six months, rather than eighteen months, was the appropriate sanction. Accordingly, we do not analyze that argument and conclude that none of the reasons set forth in Rule 29(d), RLDE, exist to justify different discipline in this matter. We impose an eighteen-month definite suspension, which shall be made retroactive to September 20, 2022, the date ODC received notice of discipline from Respondent. Within fifteen days of the date of this opinion, Respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC.

**DEFINITE SUSPENSION.**

**KITTREDGE, JAMES and HILL, JJ., concur. FEW, J., dissenting in a separate opinion.**

**JUSTICE FEW:** The Virginia Supreme Court found "Haley engaged in a long pattern of dishonest conduct in multiple jurisdictions." *Haley v. Virginia State Bar*, 876 S.E.2d 165, 173 (Va. 2022). "In addition," the Virginia Supreme Court stated,

> the evidence established that Haley had previously been disciplined for similar forms of misconduct. The South Carolina State Bar suspended Haley's license in 2005, for nine separate counts of misconduct that included financial improprieties. The [Virginia State Bar] also issued a private reprimand to Haley in 2009, after it received notice that Haley's trust account contained insufficient funds to honor five checks. Haley's 18-month suspension was also based, in part, on his conceded violations of Rules 1.5 and 1.15 [of the Virginia Rules of Professional Conduct]. The evidence presented in this case established that Haley's trust accounting practices were extremely deficient. *Significantly, Haley overdrew his trust account 53 times between January 2018 and April 2020.*

*Id.* (emphasis added).

For this pattern of financial misconduct and non-disclosure, were it not that this arose as reciprocal discipline, this Court would never consider imposing only an eighteen-month suspension for conduct occurring in South Carolina.

Haley complicated his situation with this Court when he did not comply with Rule 29(a) of the South Carolina Rules for Lawyer Disciplinary Enforcement. Rule 29(a) requires, "Within fifteen days of being disciplined or transferred to incapacity inactive status in another jurisdiction, a lawyer admitted to practice in this state shall inform disciplinary counsel in writing of the discipline or transfer." Rule 29(a), RLDE, Rule 413, SCACR. The Virginia Bar "certified several allegations of misconduct against Haley" on December 14, 2020. 876 S.E.2d at 168. On November 19, 2021, Haley appeared before the Virginia State Bar Disciplinary Board and "stipulated that he violated" some—but not all—of the Rules the Bar accused him of violating. *Id.* On December 6, 2021, the Board "unanimously decided to suspend Haley's license to practice law for 18 months. The Board declined to stay the suspension to allow Haley to 'wind down' his practice and ordered that the sanction be 'effective . . . immediately.'" 876 S.E.2d at 169. The Virginia Supreme Court entered its decision affirming Haley's discipline on August 11, 2022. 876 S.E.2d at 165. Haley finally reported his Virginia discipline to the Office of Disciplinary Counsel on September 20, 2022—well beyond the fifteen-day

deadline Rule 29(a) imposes on South Carolina attorneys to report that another state has disciplined them.

Under Rule 29(d) of our Rules for Lawyer Disciplinary Enforcement, we are not required to "impose the identical discipline" if "it clearly appears upon the face of the record from which the discipline is predicated, that . . . (4) The misconduct established warrants substantially different discipline in this state." I would decline to impose the identical reciprocal discipline and impose a more appropriate sanction given the severity of Haley's misconduct.